UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br>CDCR #BJ-6191,<br><br>                                 Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL of the UNITED STATES; ATTORNEY GENERAL of the STATE of CALIFORNIA; and ATTORNEY GENERAL of the STATE of UTAH,<br><br>                                Defendants. | Case No.:  22-CV-1375 TWR (MDD)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE**<br><br>(ECF No. 2) |

On September 9, 2022, Plaintiff Andrew Valles, currently incarcerated at California Institution for Men in Chino, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1, "Compl.") and a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2).  Plaintiff did not pay the $402 filing fee.  (*See* ECF 1.)

Plaintiff was convicted of four misdemeanor sex offenses in Utah in 2004 and was released from custody in 2006 but has since been reconvicted because he failed to comply with the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. (*See* Compl. at 12–13.)  He seeks an injunction voiding his registration requirement on the

grounds that SORNA violates his First Amendment rights and separation of powers principles. (*Id.* at 12, 15–16.)

## LEGAL STANDARD

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, however, "face an additional hurdle." *Id.*

The Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter *Cervantes*] (explaining that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), and include cases in which "the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

## DISCUSSION

Based on a review of federal docket proceedings publicly available on PACER,[2] the Court takes judicial notice that Plaintiff Andrew Valles, currently identified as California Department of Corrections ("CDCR") Inmate #BJ-6191, while incarcerated, has had three

///

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

    1.    *Valles v. United States, et al.*, No. 20-CV-9242 (LLS), 2021 WL 76428, at *3–4 (S.D.N.Y. Jan. 6, 2021) (Order dismissing complaint for being frivolous and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii));

    2.    *Valles v. Cal. Dep't Corr. & Rehab., et al.*, No. 2:20-CV-01905-TLN-AC (E.D. Cal. filed July 15, 2021), ECF No. 16 (Order adopting in full Findings and Recommendations and dismissing complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1)); and

    3.    *Valles v. Cal. Dep't Corr. & Rehab., et al.*, No. 21-16290 (9th Cir. filed March 18, 2022), ECF No. 6 (Order denying motion to proceed IFP and dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)).[3]

Accordingly, because Valles has, while incarcerated, accumulated three qualifying strikes as defined by section 1915(g), he is not entitled to the privilege of proceeding IFP in this action unless he makes a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

Valles's Complaint contains no plausible allegations to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Valles's suit seeks to challenge the constitutionality of 18 U.S.C. § 2250, both on its face and as applied to him in several

---

[3] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (explaining that an appellate court's denial of a prisoner's request for IFP status on appeal on grounds of frivolousness qualifies as a "strike" under § 1915(g)).

criminal proceedings filed against him in New York, Utah, and California.[4]  (*See* Compl., at 12–16.)  Because no fair reading of his Complaint suggests any imminent danger fairly traceable to the unlawful conduct he alleges, *see Ray*, 31 F.4th at 701, Valles does not qualify for an exception under section 1915(g) and must pay the filing fee set by 28 U.S.C. § 1914(a) in order to proceed with this action.

## CONCLUSION

For the foregoing reasons, the Court: (1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); and (2) **DISMISSES** Plaintiff's Complaint without prejudice for failure to satisfy the filing fee requirement set forth in 28 U.S.C. § 1914(a).  *If Valles fails to pay the $402 civil filing fee in full <u>within forty-five (45) days of the filing of this Order</u>, the case will remain dismissed without any further Order of the Court.*

**IT IS SO ORDERED**.

Dated:  November 18, 2022

_____
Honorable Todd W. Robinson
United States District Judge

---

[4] SORNA was enacted "to protect the public from sex offenders and offenders against children" by "establish[ing] a comprehensive national system for [their] registration" that imposes "more onerous" registration requirements than most states had before its enactment. *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019), *reh'g denied*, 140 S. Ct. 579 (2019); *Wright v. State*, 47 F.4th 954, 956 (9th Cir. 2022). Section 2250(a) subjects to federal prosecution: (1) convicted sex offenders (2) who travel in interstate commerce and (3) knowingly fail to comply with their SORNA registration obligations. *See Carr v. United States*, 560 U.S. 438, 446–47 (2010).