UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW VALLES,
CDCR #BJ-6191,

                    Plaintiff,

vs.

ATTORNEY GENERAL of the UNITED
STATES; ATTORNEY GENERAL of the
STATE of CALIFORNIA; and
ATTORNEY GENERAL of the STATE
of UTAH,

                    Defendants.

Case No.:  22-CV-1375 TWR (BGS)

**ORDER DENYING MOTION FOR
RECONSIDERATION AND
DISMISSING CIVIL ACTION AS
FRIVOLOUS PURSUANT TO
28 U.S.C. § 1915A(b)(1)**

(ECF No. 4)

Plaintiff Andrew Valles, currently incarcerated at California Institution for Men ("CIM") in Chino, California, has been denied the privilege to proceed *in forma pauperis* ("IFP") in this case because three of his prior civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim.  (*See* ECF No. 3.)  Plaintiff did not pay the civil filing fee, (*see generally* Docket), and his Complaint was dismissed without prejudice on November 18, 2022, (*see* ECF No. 3).  On December 12, 2022, Plaintiff filed a document entitled "Notice of Harm; Supplement to Complaint; Objection to Ruling; Motion for (Revision of) Order on Request to Proceed without Prepayment of Filing

Fees/In Forma Pauperis," which the Court liberally construes as a motion seeking reconsideration of the Court's November 18, 2022 Order. (*See* ECF No. 4). On May 8, 2023, Plaintiff filed a Notice of Appeal. (*See* ECF No. 9.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

## ANALYSIS

### I.   Jurisdiction to Review Motion for Reconsideration

"Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, under the Federal Rules of Appellate Procedure, a district court may amend its judgment after a notice of appeal has been filed in limited situations. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (per curiam) (noting the Federal Rules of Appellate Procedure give "the district court . . . express authority to entertain a timely motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59, even after a notice of appeal ha[s] been filed"), *superseded by rule on other grounds as recognized in, Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 444–45 (9th Cir. 1994). Specifically, the Federal Rules of Appellate Procedure provide:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)— the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). Amongst the motions listed in subsection (a)(4)(A) of that same Rule are motions to alter or amend the judgment under Federal Rules of Civil Procedure 59 and 60. *See* Fed. R. App. P. 4(a)(4)(iv), (vi). Therefore, this Court retains jurisdiction to rule on Plaintiff's pending Motion for Reconsideration.

### II.   Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's Order denying the Motion to Proceed IFP and dismissing the Complaint without prejudice for failure to pay the civil filing fee.

2

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration; therefore, "[a] motion so designated will be construed according to the type of relief sought." Jones, et al., Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)).   Here, the Southern District of California's Local Rule 7.1 permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. Civ. L.R. 7.1.i.   Such motions must be filed within "28 days of the entry of the ruling." S.D. Cal. Civ. L.R. 7.1.i.2.   And the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).   *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).   If filed within 28 days, the motion is treated as a motion to alter or amend a judgment under Rule 59(e); otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order.   *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).   Here, Plaintiff's Motion was timely filed within 28 days of the Court's November 18, 2022 Order.   (*See generally* Docket.)   Therefore, the Court shall consider Plaintiff's arguments pursuant to Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).   This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is

an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).  Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Here, Plaintiff does not point to any newly discovered evidence or identify any change in controlling law since the Court entered its November 18, 2022 Order.  *See Ybarra*, 656 F.3d at 998.  Nevertheless, Plaintiff objects to the Court's Order denying IFP and dismissing the Complaint for failure to pay the filing fee "in whole stock."  (ECF No. 4 at 8.)  As the Court explained in that Order, "[a]ll persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Valles, however, "face an additional hurdle," *see id.*, because the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude a prisoner from proceeding IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP," *id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter *Cervantes*] ("Prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"), "unless the prisoner is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

Valles acknowledges that there is "no[] … dispute" he has "incur[ed] three-strikes." (*See* ECF No. 4 at 8.)  Nevertheless, he argues the Court abused its discretion by denying

him leave to proceed IFP because he is an "extraordinary litigant with unique circumstances." (*See id.* at 2.)  More specifically, Plaintiff argues, "incidents of actual danger in the past," including unreported sexual assaults at CIM "within the past 18 months" qualify him for § 1915(g)'s "imminent danger" exception. (*Id.* at 6–7.)  Plaintiff also contends that because he has been granted IFP status in other cases and in other districts in the past and cannot afford to pay the full $402 civil filing all at once, this Court should have granted him leave to proceed IFP and permitted him to pay the fee in installments as he claims is required by § 1915(b)(4)'s "safety valve." (*See id*. at 2 (citing *Bruce v. Samuels*, 577 U.S. 82 (2016) (per curiam)); *see id.* at 4 (claiming Plaintiff cannot pay the fee because he earns only "a miniscule (though grateful) inmate wage of $6.19 per month").)

First, the Court notes that 28 U.S.C. § 1915(b)(4)'s "safety valve" provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action … *for the reason that the prisoner has no assets and no means to pay the initial partial filing fee*" assessed by 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (emphasis added); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).  Plaintiff was not, however, prohibited from bringing this case because he had no assets or means to pay a partial initial filing fee.  Instead, no partial filing fee was assessed because his motion to proceed "without prepayment of fees or securities therefor," 28 U.S.C. § 1915(a), was denied pursuant to 28 U.S.C. § 1915(g).  Denial under Section 1915(g) was appropriate because Plaintiff has been granted IFP privilege in the past but abused that privilege by filing frivolous cases.  (*See* ECF No. 3 at 3–4 (identifying Valles' prior strikes).)  *See also Andrews*, 398 F.3d at 1116 n.1; *Cervantes*, 493 F.3d at 1052.

The "safety-valve" provision set out in 28 U.S.C. § 1915(b)(4) applies only to "prisoners *qualified* to proceed in forma pauperis" in the first place.  *Bruce*, 577 U.S. at 627 (emphasis added); *Taylor*, 281 F.3d at 850.  Pursuant to 28 U.S.C. § 1915(g), Valles is no longer qualified.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status."). Moreover, Plaintiff's litigation history requires that the filing fee due in this case be paid "in full upfront." *Bruce*, 577 U.S. at 86.

So long as he remains incarcerated, Valles may proceed IFP in federal court only if threatened with "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). To that end, Plaintiff suggests the Court erred by failing to "compassionately discover" and "extrapolate" from his pleading how "incidents of actual danger in the past" qualify him for IFP status under § 1915(g)'s imminent danger exception in the instant action. (*See* ECF No. 4 at 5.) The Court did, however, address that issue.

After reviewing Plaintiff's litigation history, the Court not only noted that he had three strikes under 28 U.S.C. § 1915(g), but also concluded that his pleadings contained no "plausible allegations" to suggest he "faced imminent danger of serious physical injury *at the time of filing*." (*See* ECF No. 3 at 4–5 (emphasis added and internal quotations omitted) (citing *Cervantes*, 493 F.3d at 1055).) Instead, Plaintiff's Complaint only sought to challenge the constitutionality of 18 U.S.C. § 2250, "both on its face and as applied to him in several criminal proceedings filed against him in New York, Utah, and California." (*See* ECF No. 3 at 4–5 (citing ECF No. 1 at 12–16).)

Valles now seeks reconsideration based on his new claims that the "scarlet letter" sex-offender registration has rendered him a "sexual and physical target among some in the [CIM] prison population" "[w]ithin the past 18 months." (*See* ECF No. 4 at 7 (alleging Plaintiff was raped by fellow inmates on three occasions).) Nevertheless, Plaintiff made no such allegations at the time he filed his Complaint; therefore he has not demonstrated any clear error justifying reconsideration under Rule 59(e). *See Ybarra*, 656 F.3d at 998. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). In short, "[a] motion

for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA (NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge." *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013). Moreover, "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* Accordingly, Valles "must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016). He has not.

Even if Valles had included his sexual assault allegations in the initial Complaint in September 2022, they likely would not have sufficiently established an "imminent" danger. *See Cervantes*, 493 F.3d at 1056 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates . . . that the exception applies if the danger existed at the time the prisoner filed the complaint."). The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is [both] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. 2010) (finding "long, narrative, rambling statements regarding a cycle of violence," "vague references to circumstances" and "generalized fears of possible future harm" failed to qualify as "imminent danger").

Valles' allegations of past assaults based on the implementation of the sex offender registration requirement are insufficient to qualify for an "imminent danger" exception under 1915(g). *See. e.g.*, *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL

5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding past incident of excessive force failed to show imminent danger), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020); *Kukes v. Terlizzi*, 1997 WL 573413, at *1 (N.D. Cal. 1997) (finding the "mere documentation" of an inmate's sex offender registration requirement in his central file did not "automatically put him in danger"). Accordingly, the Court finds Valles has failed to offer a valid basis upon which it might find the November 18, 2022 Order was clearly erroneous or manifestly unjust pursuant to Fed. R. Civ. P. 59(e).

## III.   Screening Pursuant to 28 U.S.C. § 1915A(b)

Finally, while § 1915(g) "concerns only a threshold procedural question—whether the filing fee must be paid upfront or later," *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015) (citing *Andrews*, 493 F.3d at 1055), a wholly "[s]eparate PLRA provision[] [is] directed at screening out meritless suits early on," *id.* (citing 28 U.S.C. § 1915A(b)). Section 1915A provides that a federal district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017).

Regardless of whether Plaintiff paid the full filing fee or was granted IFP status, his Complaint would independently be subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil rights complaint he filed in the Southern District of New York in November 2020. *See Valles v. United States*, No. 20-CV-9242 (LLS), 2021 WL 76428 (S.D.N.Y. Jan. 1, 2021) ("*Valles I*") (indicating the case was initiated in 2020); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

matters at issue." (internal quotation marks and citations omitted)).  A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing 28 U.S.C. § 1915(d), now-amended) (citations and internal quotations omitted).  "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Valles filed a complaint pursuant to 42 U.S.C. § 1983 in the Southern District of New York on November 4, 2020, naming the Attorney General of the United States, the State of California, and the State of Utah as Defendants.  *See Valles I*, ECF No. 2 ("Complaint") at 1–3.  The complaint he filed in that case and in this Court name the same parties and assert identical grounds for relief.  *Compare id.* at 13 (alleging registration requirements under the Sex Offender Registration and Notification Act ("SORNA") violate both the First Amendment and separation of power principles), *with* ECF No. 1 at 1–3, 12, 15–16 (same).  In fact, because the Honorable Louis L. Stanton *sua sponte* dismissed *Valles I* for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), that case is not only duplicative, but also one of Valles' strikes under § 1915(g).  (*See* ECF No. 3 at 4 (citing *Valles v. United States, et al.*, No. 20-CV-9242 (LLS), 2021 WL 76428, at *3–4 (S.D.N.Y. Jan. 6, 2021)).)  In conclusion, because Plaintiff previously brought identical claims against the same parties in *Valles I*, the Court finds the instant action duplicative and frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Olivas*, 856 F.3d at 1283.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) (ECF No. 4), **DISMISSES** this action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and **CERTIFIES** that an IFP appeal of either this Order or the Court's November 18, 2022 Order would not be not taken in good

faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (permitting an indigent appellant to proceed IFP on appeal only if appeal would not be frivolous).  Because Valles has already filed a Notice of Appeal, the Court **DIRECTS** the Clerk of Court to forward a copy of this Order to the Clerk for the Ninth Circuit Court of Appeals for consideration in USCA Appeal No. 23-55441.  (*See* ECF Nos. 9–11.)

   **IT IS SO ORDERED**.

Dated:  May 24, 2023

Honorable Todd W. Robinson
United States District Judge